EMILIO M. GARZA, Circuit Judge,
dissenting:
This case requires us to determine whether the magistrate judge, who tried this “falling merchandise” case, abused his discretion when he gave effect to the jury’s response to interrogatory No. 2 after determining that the jury’s response to interrogatory No. 1 was “against the great weight of the evidence.” More specifically, this case asks us to decide whether a trial court should disregard “unnecessary” jury responses [1] that are consistent with both the jury’s verdict and the trial court’s view of the evidence simply because one of the jury’s answers was found to be “erroneous.”[2] The majority concludes that the magistrate judge “did not ‘effectuate the best intent of the jury’ ” as our precedent requires, and thus abused his wide scope of discretion. Maj. Op. at 673. Because I believe the majority misconstrues our precedent on this issue, I respectfully dissent.
The majority cites our opinion in White v. Grinfas to support its reasoning. 809 F.2d 1157 (5th Cir.1987). In White, the jury was instructed that if it answered “No” to question 3 on the verdict form, it should not answer any of the remaining sixteen questions. Although the jury answered “No” to question 3, it failed to follow the court’s instructions and went on *676 to answer five more questions. Unfortunately, two of the jury’s unnecessary answers were arguably inconsistent with one another. The losing party at trial then attempted to impeach the jury’s otherwise clear verdict by relying on the potential inconsistency between the jury’s unnecessary responses. On appeal, we affirmed the trial court’s entry of judgment based on the jury’s dispositive finding on question 3. In doing so, we held that “if the [trial judge] has correctly found that the jury’s answer to a question that was supposed to terminate further inquiry is clear and disposes of the legal issues, on review we must ignore the jury’s necessarily conflicting answers to any other questions.” Id., 809 F.2d at 1161.
White, however, is the converse of this case. The majority reads White to mean that unnecessary jury answers cannot be used if the court has already found the jury’s answer to a necessary interrogatory to be against the weight of the evidence. The specifics of White are not applicable to this case, however. Rather than stating a broad rule for interpreting irregular jury verdicts, White holds only the converse: that is, that a jury’s unnecessary responses cannot be used to impeach that jury’s otherwise clear verdict. White, 809 F.2d at 1161. White does not address the instant situation — where the jury’s necessary response is clear but found to be unsupported by the evidence and the jury’s “unnecessary” response is also clear, supports the jury’s verdict, and, most importantly, does not conflict with the court’s view of the evidence.
The error in the majority’s analysis is evident when one considers the purpose of the White rule — “[t]o effectuate best the intent of the jury.” Id. Although the majority recites this exact language, it seemingly fails to recognize that the Supreme Court has long since held that “[w]here there is a view of the case that makes the jury’s answers to special interrogatories consistent, they must be resolved that way.” Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); see also Ellis v. Weasler Eng’g Inc., 258 F.3d 326 (5th Cir.2001) (“We are required under the Seventh Amendment to make a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible.”) (citing Atlantic & Gulf Stevedores, 369 U.S. at 364, 82 S.Ct. 780) (emphasis added); Richard v. Firestone Tire & Rubber Co., 853 F.2d 1258, 1260 (5th Cir.1988) (“Courts are obligated to reconcile a jury’s answers when possible.”). The principle guiding all of these cases is simple — where possible, we must interpret a jury’s answers in such a way as to best fulfill the intent of the jury. To set aside a jury’s clear resolution of disputed questions of fact because of a harmless irregularity in the way they answered special interrogatories would run afoul of the federal policy favoring jury verdicts set forth in the Seventh Amendment. Atlantic & Gulf Stevedores, 369 U.S. at 364, 82 S.Ct. 780 (“For to search for one possible view of the case which will make the jury’s finding inconsistent results in a collision with the Seventh Amendment.”).
Here, two issues were hotly contested before the jury — whether Wal-Mart’s negligence caused the accident (i.e. the falling of the trash cans) and whether Wal-Mart’s negligence caused the knee injury for which Carr sought damages. Both issues were submitted to the jury with no objection from the parties. The operative word in interrogatory No. 2 is the word “injury” — whether Wal-Mart’s “negligence caused injury to [Carr]?” The jury said, “No,” and there was ample evidence to support the jury’s verdict. Neither party objected to question 2 and neither party *677 objected to the jury’s answer. The jury’s decision to answer both questions did not, as the majority suggests, create an inconsistency requiring the magistrate judge to disregard the jury’s answer to interrogatory No. 2.[3] When answering interrogatory No. 2, the jury made a finding separate and distinct from its finding on interrogatory No. 1. No matter whether Wal-Mart’s negligence caused the accident, its negligence did not cause any exacerbation to Carr’s pre-existing knee injury — so said the jury.[4]
In sum, I believe the magistrate judge acted within his sound discretion when he gave effect to the jury’s response to interrogatory No. 2, even after he set aside the jury’s answer to interrogatory No. 1. Accordingly, I would affirm the magistrate judge’s denial of Carr’s motion for a new trial.

. In my view, the jury’s answer to interrogatory no. 2 was necessary. See supra at 669-70 (discussion of causation of accident versus causation of injury).

. The magistrate judge concluded that the jury’s response to interrogatory No. 1 "was contrary to the great weight of the evidence and [was] erroneous.” The majority makes much of the fact that the judge found the jury’s answer to be "erroneous”; however, the magistrate judge’s precise legal holding was that, in the judge’s view, the jury’s verdict was not supported by the evidence. For purposes of this dissent, I assume without deciding that the magistrate judge properly set aside the jury's answer as "against the great weight of the evidence.”

. As a justification for her failure to object-to the irregularity of the jury's answers, Carr concedes that the jury's negative answers to interrogatories Nos. 1 and 2 were consistent with each other. Nonetheless, the majority concludes that the answers to interrogatories Nos. 1 and 2 were necessarily inconsistent based on our reasoning in White. In White, we stated that the jury’s answers to five additional questions were inconsistent with the jury's negative response to question 3 because the subsequent questions were predicated on an affirmative response to questions 3. White, 809 F.2d at 1161 (“Because all the questions subsequent to question 3 were predicated on an affirmative response to that question, the subsequent answers had to conflict with the answer to question 3....”). Unlike the questions following the terminating question in White, however, interrogatory No. 2 does not necessarily presume an affirmative response to interrogatory No. 1.

. One reason why the majority refuses to give effect to the jury’s answer to interrogatory No. 2 is its belief that "there is no way to tell whether.the jury actually deliberated the causation question [regarding Carr's injury], or whether its answer to the causation question was logically compelled from its answer to the negligence question.” Again, I believe the ’ majority has overstepped its bounds. Specifically, the majority fails to accord the proper respect to the interpretation of the jury’s answers given by the trial judge. It is the trial judge, and not the appellate court, "who has observed the jury during the trial [and] prepared the questions and explained them to the juiy.” Richard v. Firestone Tire & Rubber Co., 853 , F.2d 1258, 1260 (5th Cir.1988). As a result, it is the trial judge, and not the appellate court, who is in the best position to evaluate whether the jury’s answers reflect confusion and uncertainty or a clear resolution of disputed fact issues.